UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 16-cr-142 |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **PAUL L. SHOCKLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Before the Court is Defendant Paul L. Shockley's Motion for Compassionate Release, **Doc #: 87**. For the following reasons, Shockley's Motion is **DENIED**.

## I. Background

Shockley is serving a 97-month sentence for his conviction on two counts of mail fraud in violation of 18 U.S.C. § 1341 and one count of wire fraud in violation of 18 U.S.C. § 1343. Doc #: 57. He is currently held at Federal Correctional Institute Allenwood Low ("FCI Allenwood Low") and has an expected release date of February 23, 2023. Shockley now asks the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on concerns of contracting COVID-19 while in FCI Allenwood Low. Doc #: 87.

## II. Discussion

### a. Exhaustion

A court may consider a motion for sentence modification upon:

> [M]otion of the defendant after the defendant has fully exhausted all
> administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).

Shockley asserts he made his request to the Warden of FCI Allenwood on May 11, 2020. Because more than 30 days have passed since the Warden received Shockley's request, Shockley has satisfied the exhaustion requirement. *See United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020).

### b. Sentence Modification

Under § 3582(c)(1)(A)(i), before granting a sentence modification a court must find: (1) extraordinary and compelling reasons warrant a sentence modification; (2) the defendant is not a danger to the safety of any other person or the community; and (3) the reduction is appropriate considering the § 3553(a) factors. *United States v. Hardin*, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio May 21, 2020).

### 1. Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." Id. at *8. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. Id.

Shockley claims to have hypertension, chronic bronchitis, pre-diabetes, and obesity. Doc #: 87 at 2. These conditions might put Shockly at high risk of having grave complications should he contract COVID-19. The Centers for Disease Control and Prevention ("CDC") lists type II

diabetes and obesity as conditions known to put a person at increased risk of severe illness from COVID-19 and high cholesterol as a condition that may put a person at increased risk.[1]

However, FCI Allenwood is not experiencing a severe COVID-19 outbreak. Only two people within FCI Allenwood have tested positive for COVID-19 – one inmate and one staff member who has since recovered.[2] Accordingly, Shockley has not shown extraordinary and compelling reasons warrant a sentence modification.

### 2. Danger to the Safety of any Other Person or the Community & Section 3553(a) Factors

Because Shockley does not show extraordinary and compelling reasons warrant a sentence modification, the Court does not decide whether he is a danger to the safety of any other person or the community or whether the § 3553(a) factors favor release. The Court acknowledges, however, that the § 3553(a) factors likely do not favor release because Shockley has over two years of his sentence remaining.

### III.    Conclusion

For the foregoing reasons, Shockley's Motion, **Doc #: 87**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster August 20, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**

---

[1] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 8/20/2020).
[2] *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited 8/20/2020).