UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>vs. )<br>)<br>**PAUL L. SHOCKLEY,** )<br>)<br>**Defendant.** ) | CASE NO. 1:16-CR-00142; 18-cv-2892<br><br>JUDGE DAN AARON POLSTER<br><br>**OPINION AND ORDER** |

Before the Court is Defendant, pro se federal prisoner, Paul L. Shockley's § 2255 Motion, **Doc #: 65**, and his appendix in support of his Motion regarding the timeliness of his § 2255 Motion, **Doc #: 81**. For the reasons stated below, Shockley's Motion is **DENIED.**

## I. BACKGROUND

On May 11, 2016, Shockley pled guilty, pursuant to a plea agreement, to two counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of wire fraud, in violation of 18 U.S.C. § 1343. On January 6, 2017, he was sentenced to 97 months in prison, 3 years of supervised release, restitution in the amount of $783,610.99, and $300.00 special total special assessment. Doc #: 57. The Court entered its final judgment against Shockley on January 9, 2017. Doc #: 57. On December 17, 2018, Shockley filed a motion, nearly two years after the Court's final judgment, to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming ineffective counsel. Doc #: 65. On December 18, 2018, the Court sua sponte denied Shockley's § 2255 motion finding his assertion that the Bureau of Prisons ("BOP") lost his mail not to be credible and an invalid excuse for filing nearly one year after the statute of limitations had run. Doc #: 66. On January 7, 2019, Shockley filed a motion requesting that the Court reconsider its December 18, 2018 Order because "there is nothing in the record to contradict his assertion that BOP lost his mail." Doc #: 68 at 2. On January

1

9, 2019, the Court denied Shockley's request finding that Shockley failed to provide a credible explanation as to why his § 2255 motion was filed untimely. Doc #: 69. On January 22, 2019, Shockley again filed a motion requesting the Court to reconsider its December 18, 2018 Order, and the Court denied his request for a second time. Doc #: 70-71. Shockley appealed to the United States Court of Appeals for the Sixth Circuit on March 1, 2019. Doc #: 74.

On May 8, 2020, the Sixth Circuit found that this Court erred in not applying the prison mailbox rule and finding, without evidence, that Shockley's assertion is not credible. *See United States v. Shockley*, No. 18-4233/19-3248, 2020 U.S. App. LEXIS 14916, at *7-8 (6th Cir. May 8, 2020). The Sixth Circuit vacated this Court's judgment denying Shockley's § 2255 motion and remanded the case for further proceedings. *Id*. In light of the Sixth Circuit's ruling, the Court instructed Shockley to file a brief and attach all evidence in support of his contention that he sent his § 2255 motion within the statute of limitations. Doc #: 78. Shockley filed his brief on June 3, 2020, and the Government filed a response on September 22, 2020. Doc ##: 81, 92. Shockley did not file a reply, which would have been due no later than October 6, 2020.

**II.     LEGAL STANDARD**

Federal habeas petitions to vacate, set aside, or correct a federal sentence under § 2255 must be filed within one year of the latest of the date on which: (1) the judgment of conviction became final; (2) an impediment to making a motion created by governmental action was removed, if such action prevented petitioner from making a motion; (3) the right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could first have been discovered through the exercise of due diligence. 28 U.S.C. § 2255. Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary

2

circumstances. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).

The Sixth Circuit has applied the mailbox rule to motions for relief under § 2255. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). Under the mailbox rule, a § 2255 motion is deemed filed when presented to prison officials for mailing. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir. 2012); *see also* Rule 3(d) of the Rule Governing § 2255 Proceedings. Absent contrary evidence, courts accept a prisoner's factual representations about mailing's timing. *See United States*, 2020 U.S. App. LEXIS 14916, at *7-8.

### III. DISCUSSION

The Court entered its final judgment against Shockley on January 9, 2017. Doc #: 57. Federal Rule of Appellate Procedure 4(b)(1)(A) provides that a defendant's notice of appeal must be filed in the district court within fourteen days of the entry of judgment. Shockley did not file an appeal. Thus, Shockley's judgment of conviction became final on January 23, 2017. *See* Fed. R. App. P. 4(b)(1)(A). Shockley filed his § 2255 motion on December 17, 2018—eleven months after the one-year statute of limitations expired. Shockley contends that his § 2255 motion should be deemed timely because he placed his § 2255 motion in the prison mailing system, triggering the mailbox rule, on January 16, 2018, before the statute of limitations expired. Doc #: 81.

Shockley argues that BOP staff at FCI Beckley may have refused to mail his motion, as retaliation for his assistance in the investigation of corrections officers. *Id.* Specifically, Shockley states that he "was the target of abuse and retaliation by a tight-knit network of compromised corrections staff and inmates [,] [which] [] led to a full-scale investigation [] with [him] being transferred from Beckley and corrections officers losing their jobs." *Id.* at 2. In support of his allegations, Shockley filed an affidavit detailing events at FCI Beckley involving various BOP staff members. Doc #: 81-1. Given Shockley's allegations, the burden is on the Government to

rebut Shockley's factual representations regarding the mailing of his § 2255 motion.

In response, the Government requested, and the Court granted, several continuances to review investigative files and BOP records regarding Shockley's allegations and the events described in his affidavit. At the conclusion of the Government's investigation, the Government submitted four affidavits from current and former BOP staff members to contradict Shockley's factual representations that he was the target of retaliation which led to prison staffs refusing to mail Shockley's § 2255 motion. *See* Doc #: 92, Ex. 1-4. In pertinent part, the BOP staff members rebutted Shockley's assertion that BOP Special Investigative Services ("SIS") approached him to obtain information on a prime target, a corrections officer known as Red. *Id*. The BOP staffs stated that Shockley initiated contact with SIS to provide information on a corrections officer and drug smuggling into the facility. *Id*. However, the information was not unique, actionable, nor first-hand knowledge, and it did not warrant an investigation. *Id*. SIS determined that Shockley only offered to provide information on a corrections officer to be placed in the cell with another inmate.

According to SIS, as a motivated attempt to transfer cells, Shockley then offered to provide information on a female corrections officer that was in a relationship with an inmate. *Id*. While the information was not first-hand knowledge, Shockley's report initiated a staff investigation. *Id*. However, contrary to Shockley's contention that he was transferred because it was determined that his life was in danger, former BOP Special Investigative Agent ("SIA") Tony Hussion stated that Shockley was transferred as standard protocol for inmates who provide information against staff members and there was no specific threat against Shockley at that time. *Id*.

The Government also rebutted Shockley's assertion that he reported another troubling incident regarding BOP staff member, Ms. James, having an affair with an inmate. *Id*. SIA Jacob Van Devender noted that Shockley was transferred nearly a year before he received information

4

prompting the investigation or dismissal of Ms. James. *Id*. Further, SIA Devender stated that Shockley had no role or involvement in that investigation. *Id*.

Upon weighing the evidence, the Court finds that the Government's evidence contradicts Shockley's assertions that he was the victim of a corrupt and hostile network of BOP staff due to his substantial role as an informant. Therefore, Shockley's claim that BOP staff members at FCI Beckley refused to mail his motion, as retaliation for his assistance in the investigation of corrections officers, are not credible and without merit.

Furthermore, the Court credits the Government's argument regarding the contradictory evidence in Shockley's Motion which suggests that he simply did not file his Motion timely. Doc #: 92 at 4-6. Shockley claims that he had to prepare his Motion "from scratch" at LSCI Allenwood, but the Motion identifies FCI Beckley as his place of confinement and an execution date in January 2018. Shockley's Motion is also typewritten except for his reason for untimely filing and January date. The Court finds it implausible that in preparing a new motion "from scratch" Shockley would list his former institution FCI Beckley and write a January 2018 date; rather than simply listing his current facility LSCI Allenwood, type his reason for being untimely as consistent with the rest of the Motion, and list the appropriate filing date of December 17, 2018.

Accordingly, the Court finds the Government offered compelling evidence to overcome the presumption that Shockley's filed his Motion within the statute of limitations. Thus, Shockley is not entitled to the benefit of the mailbox rule. Shockley had ample opportunity to response to the Government, and Shockley neither filed nor requested an extension to file a reply. For the reasons discussed, Shockley's § 2255 motion, Doc #: 65, is untimely and **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster November 9, 2020*

5